**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3504-16T1

PEDRO DIBLASI,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, and
DAVIDSON HOTEL COMPANY, LLC,

    Respondents.

_____

        Submitted May 30, 2018 — Decided July 17, 2018

        Before Judges Sumners and Natali.

        On appeal from the Board of Review, Department
        of Labor, Docket No. 105,948.

        Pedro Diblasi, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney
        for respondent Board of Review (Melissa Dutton
        Schaffer, Assistant Attorney General, of
        counsel; Shareef M. Omar, Deputy Attorney
        General, on the brief).

        Respondent Davidson Hotel Company, LLC, has
        not filed a brief.

PER CURIAM

Pedro Diblasi appeals from a final agency decision of the Board of Review concluding that he was disqualified for unemployment benefits under N.J.S.A. 43:21-5(a) because he left work voluntarily without good cause attributable to his work. We affirm.

The facts are not in dispute. Employed by Davidson Hotel Company, LLC, Diblasi's request for a one-month leave of absence to attend to his terminally ill mother — who resided in another country — was denied because he did not work long enough to qualify for federal or state family leave.[1] To avoid termination for job abandonment and to conclude his employment on good standing for possible re-employment, Diblasi submitted a resignation letter stating that he was leaving his job in three weeks due to a family emergency.

Upon his return from taking care of his mother, Diblasi applied for unemployment benefits. The Appeal Tribunal denied his request, ruling:

> [Diblasi] sought a leave of absence, but was denied due to the lack of sufficient time working for the employer. The evidence supports the conclusion [he] was aware he was being denied leave, he elected to sever the employer-employee relationship and that he understood he would have to reapply for work upon his return.

---

[1] Diblasi worked for six-and-a-half months.

> [Diblasi] left work to care for a family member. This was a personal reason and was not attributable to the work. Therefore, [Diblasi] is disqualified as of [March 20, 2016], under N.J.S.A. 43:21-5(a), as he left work voluntarily without good cause attributable to such work.

The Board agreed with the Appeal Tribunal's decision.

On appeal, Diblasi argues he is eligible for benefits because his employer's denial of his family leave request constituted a discharge under N.J.A.C. 12:17-10.2; thus, he neither abandoned nor quit his job. He maintains the Board's determination is arbitrary and capricious, which denies him due process and fundamental fairness. We find no merit to these contentions.

The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). The agency's decision may not be disturbed unless shown to be arbitrary, capricious or unreasonable. Ibid. Therefore, "[i]f the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)).

We see no reason to disturb the Board's decision. N.J.S.A. 43:21-5 provides that a person is ineligible for unemployment benefits for resigning because it is not for good cause attributable to work. Hence, our Supreme Court has explained that an employee who voluntarily leaves employment for good, but

personal reasons, is not deemed to have left work voluntarily for good cause. Brady, 152 N.J. at 213. The record here clearly shows that Diblasi did not qualify for family leave and decided to leave his job in order to take care of his ailing mother. There is nothing in the record to suggest that he was forced to leave his job, or that his resignation letter was not a voluntary act. While we appreciate the unfortunate circumstances confronting Diblasi, the consequence is that under N.J.S.A. 43:21-5(a) he is not entitled to unemployment benefits.

Diblasi's reliance upon N.J.A.C. 12:17-10.2 is misplaced. The regulation provides that an employee may not be disqualified from benefits if discharged from employment where there was good cause for being absent from work. N.J.A.C. 12:17-10.2(a). Good cause is defined as "any compelling personal circumstance, including illness, which would normally prevent a reasonable person under the same conditions from reporting to work." N.J.A.C. 12:17-10.2(b). Yet, "[a]n unauthorized absence for five or more work days may constitute job abandonment" and cause disqualification for benefits. N.J.A.C. 12:17-10.2(c). Because Diblasi was not terminated for not reporting to work — he gave notice that he was resigning in order to take care of his mother for a month — N.J.A.C. 12:17-10.2 does not apply.

Accordingly, the Board's decision does not violate the state or federal constitutions, is not contrary to express or implied legislative policies, and is supported by substantial, credible evidence in the record. See Brady, 152 N.J. at 210-11.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION